BRIAN M. BOYTON
   Principal Deputy Assistant Attorney General
MARCIA BERMAN
   Assistant Branch Director
MICHAEL J. GERARDI
   Senior Trial Counsel
   Civil Division, Federal Programs Branch
   U.S. Department of Justice
   1100 L St., N.W.
   Washington, D.C. 20005
   Telephone: (202) 616-0680
   E-mail: michael.j.gerardi@usdoj.gov

*Counsel for Defendant*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOIACONSCIOUSNESS.COM LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>NATIONAL ARCHIVES & RECORDS ADMINISTRATION,<br><br>      Defendant,<br><br>DALLAS COUNTY HISTORICAL FOUNDATION d/b/a THE SIXTH FLOOR MUSEUM AT DEALEY PLAZA,<br><br>      Respondent. | CASE NO. 3:24-cv-00997<br><br>**ANSWER TO COMPLAINT (ECF NO. 1) BY DEFENDANT NATIONAL ARCHIVES AND RECORDS ADMINISTRATION** |

Defendant National Archives and Records Administration ("Defendant") answers the complaint filed by Plaintiff FOIAConsciousness.com, LLC ("Plaintiff"), ECF No. 1, as follows:

1. This paragraph contains Plaintiff's characterization of this civil action, to which no response is required.

2. This paragraph contains Plaintiff's characterization of this civil action, to which no response is required.

3. This paragraph contains Plaintiff's legal conclusions as to the sufficiency of Defendant's response to Plaintiff's FOIA request, to which no response is required.

4. This paragraph contains Plaintiff's characterization of this civil action, to which no response is required.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6. Admitted that Plaintiff submitted a FOIA request to NARA by e-mail dated December 12, 2023. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. Denied that the requested film reels are currently held by NARA in Baltimore, Maryland.

7. Admitted that NARA responded to Plaintiff's FOIA request on December 22, 2023, and December 26, 2023. Defendant respectfully refers the Court to that response for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

8. Admitted that NARA responded to Plaintiff's FOIA request on December 22, 2023, and December 26, 2023. Defendant respectfully refers the Court to that response for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

9. Denied.

10. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. Furthermore, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11. This paragraph contains Plaintiff's conclusions of law, to which no response is required.

12. This allegation contains Plaintiff's conclusions of law, to which no response is required.

13. Plaintiff's allegation that it is "statutorily entitled to disclosure of these videos" is a conclusion of law to which no response is required. Defendant lacks knowledge or information sufficient to respond to Plaintiff's allegations that it seeks to "inform the public about the Zapruder film" and that the Zapruder film "was suppressed from the public for many years."

14. This allegation contains Plaintiff's conclusions of law with respect to the Court's subject matter jurisdiction, to which no response is required.

15. This allegation contains Plaintiff's conclusions of law with respect to venue, to which no response is required.

16. This allegation contains Plaintiff's conclusions of law with respect divisional assignment, to which no response is required.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18. Admitted that Defendant is an agency of the federal government for purposes of 5 U.S.C. § 551, 5 U.S.C. § 552(f), and 5 U.S.C. § 702. The rest of the paragraph states Plaintiff's conclusion of law that NARA has "possession, custody, and/or control of the records that Plaintiff seeks," to which no response is required.

19. Admitted.

20. Denied except to admit that Defendant responded to Plaintiff's FOIA request via e-mail on December 22, 2023, and December 26, 2023, and that the December 26 response stated that Plaintiff could make a copy of the records in NARA's research room. Defendant refers the Court to that response for a complete statement of its contents.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

23. This allegation contains Plaintiff's conclusions of law with respect to joinder, to

which no response is required.

24. This allegation contains Plaintiff's conclusions of law with respect to joinder, to which no response is required.

25. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

26. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

27. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

28. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

29. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

30. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

31. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

32. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

33. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

34. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

35. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

36. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

37. The allegations in this paragraph do not set forth a claim for relief or aver facts in

1 support of a claim to which an answer is required.

38. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

39. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

40. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

41. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

42. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

43. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

44. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

45. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

46. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

47. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

48. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

49. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

50. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

51. The allegations in this paragraph do not set forth a claim for relief or aver facts in

support of a claim to which an answer is required.

52. Denied except to admit that the Zapruder film was designated as an "assassination record" by the Assassination Records Review Board, which was succeeded by Defendant.

53. Denied except to admit that by virtue of an arbitration decision made on August 3, 1999, the U.S. government paid $16 million for the Zapruder film reels, but did not acquire the copyright in the film.

54. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

55. Defendant admits, on information and belief, that the Sixth Floor Museum holds the copyright over the Zapruder film, but otherwise responds that the allegation contains Plaintiff's conclusions of law about the validity of the Sixth Floor Museum's copyright and FOIA, to which no response is required. Defendant refers the Court to its responses to Plaintiff's FOIA requests for a complete and accurate statement of their contents.

56. This paragraph contains Plaintiff's conclusions of law with respect to Defendant's response to its FOIA request, to which no response is required.

57. As to the first sentence, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. The second sentence contains Plaintiff's conclusions of law with respect to FOIA, to which no response is required.

58. Denied except to admit that Defendant responded to Plaintiff's FOIA request on December 22, 2023, and December 26, 2023, and that the December 26 response stated that Plaintiff could make a copy of the records in NARA's research room. Defendant refers the Court to this document for a complete statement of Defendant's response to Plaintiff's FOIA request.

59. Admitted that Defendant responded to Plaintiff's FOIA request on December 22, 2023, and December 26, 2023. Defendant refers the Court to this document for a complete statement of Defendant's response to Plaintiff's FOIA request.

60. This paragraph contains Plaintiff's conclusions of law with respect to Defendant's handling of Plaintiff's FOIA request, to which no response is required.

61. This paragraph contains Plaintiff's conclusions of law as to how Defendant should handle the requested records, to which no response is required.

62. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

63. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

64. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

65. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

66. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

67. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

68. Denied except to admit that, on information and belief, The Sixth Floor Museum holds the copyright to the Zapruder film.

69. The first sentence contains Plaintiff's conclusion of law with respect to the FOIA, to which no response is required. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence.

70. Admit that Mr. Javitch, on behalf of Plaintiff, submitted a FOIA request to NARA on December 11, 2023 via email. Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

71. This allegation contains Plaintiff's conclusions of law as to whether its request complied with FOIA, to which no response is required.

72. Defendant admits that it sent a response to Plaintiff on December 12, 2023, and respectfully refers the Court to that response for a complete and accurate statement of its contents. Defendant denies any allegations inconsistent therewith.

73. Defendant admits that it sent a response to Plaintiff on December 22, 2023, and December 26, 2023 December 22, 2023, and December 26, 2023, and refers the Court to that response for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

74. Defendant admits that it sent a response to Plaintiff on December 22, 2023, and December 26, 2023, refers the Court to that response for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

75. Defendant admits that Plaintiff filed an appeal, on December 24, 2023, and refers the Court to that document for a complete and accurate statement of the substance of its contents, and denies any allegations inconsistent therewith.

76. Defendant admits that it acknowledged Plaintiff's appeal on December 27, 2023, and refers the Court to that document for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

77. Admitted.

78. Denied except to admit that, in addition to the December 22, 2023 response, Defendant sent further responses to the FOIA request on December 26, 2023, and January 22, 2024. Defendant otherwise lacks knowledge or information sufficient to form a belief as to what other information concerning the Request has been received or sent by Plaintiff.

79. This allegation contains Plaintiff's conclusions of law as to whether Defendant's actions complied with FOIA, to which no response is required. To the extent a response is required, denied as to part (a) except to admit Defendant acknowledged Plaintiff's appeal on December 27, 2023. As to part (b), Defendant refers the Court to its responses of December 22, 2023, and December 26, 2023, for a complete and accurate statement of their contents.

80. Defendant incorporates by reference the foregoing paragraphs as if fully set forth herein.

81. Admitted.

82. Admitted as to the first sentence. The second sentence contains Plaintiff's conclusions of law as to whether it lodged a proper FOIA request, to which no response is

required.

83. Defendant admits that it responded to Plaintiff's FOIA request on December 22, 2023, and December 26, 2023, and refers the Court to those responses for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

84. Denied. Defendant refers the Court to its response of December 22, 2023, and December 26, 2023, for a complete and accurate statement of the substance of the response, and denies any allegations inconsistent therewith.

85. Defendant admits that Plaintiff filed an appeal, and refers the Court to Plaintiff's appeal of December 24, 2023 for a complete and accurate statement of the substance of the appeal, and denies any allegations inconsistent therewith.

86. Denied.

87. This allegation contains Plaintiff's conclusions of law, to which no response is required.

The final paragraph of the complaint contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant responds that Plaintiff is not entitled to any relief whatsoever.

The headings in Plaintiff's complaint are not factual allegations, and Defendant provides no response to them.

Any allegations not expressly admitted or denied by Defendant are denied.

## AFFIRMATIVE DEFENSES

1. Defendant did not violate FOIA or any other statutory or regulatory provision.

2. Plaintiff is not entitled to compel production of items that are not a "record" subject to the FOIA.

3. Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions to the Freedom of Information Act, 5 U.S.C. § 552.

DATE: April 24, 2024                    Respectfully submitted,

BRIAN M. BOYTON

*FOIAConsciousness.com LLC v. NARA, et al.*, No. 3:24-cv-00997
Answer to Complaint by Defendant NARA
9

Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

/s/Michael J. Gerardi
MICHAEL J. GERARDI
Senior Trial Counsel
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L St., N.W.
Washington, D.C. 20005
Telephone: (202) 616-0680
E-mail: michael.j.gerardi@usdoj.gov

*Counsel for Defendant*