**LOCKE LORD LLP**
Daniel A. Solitro (SBN 243908)
dsolitro@lockelord.com
Madeleina Halley (SBN 341540)
madeleina.halley@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone:     (213) 485-1500
Facsimile:     (213) 485-1200

Attorneys for Respondent
DALLAS COUNTY HISTORICAL FOUNDATION D/B/A THE SIXTH FLOOR MUSEUM AT DEALEY PLAZA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOIACONSCIOUSNESS.COM LLC, a California limited liability company<br><br>                     Plaintiff,<br><br>         vs.<br><br>NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, a federal agency,<br><br>                     Defendant, and<br><br>DALLAS COUNTY HISTORICAL FOUNDATION d/b/a THE SIXTH FLOOR MUSEUM AT DEALEY PLAZA, a Texas nonprofit corporation,<br><br>                     Respondent. | Case No. 3:24-CV-00997<br><br>*Hon. James Donato*<br><br>**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION**<br><br>Date:          June 6, 2024<br>Time:          10:00 a.m.<br>Courtroom:   11 |

1

RESPONDENT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION
*FOIACONSCIOUSNESS.COM LLC V. National Archives and Records Administration, et al.* Case No. 3:24-CV-00997-WHA

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 6, 2024 at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, respondent Dallas County Historical Foundation d/b/a the Sixth Floor Museum at Dealey Plaza (the "Museum") will bring for hearing before the Honorable James Donato, United States District Judge, in Courtroom 11 of the United States District Court located at 450 Golden Gate Avenue, San Francisco, California 94102, a motion to dismiss the pending action against the Museum filed by plaintiff FOIACONSCIOUSNESS.COM LLC ("Plaintiff") under Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction.

The Museum seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) because the Court lacks personal jurisdiction over the Museum. The Museum lacks the requisite contacts with California to provide general jurisdiction. The Museum is a Texas non-profit corporation, incorporated in the state of Texas with its principal place of business in Dallas, Texas. Nor is there specific jurisdiction. This lawsuit is not a result of any action by the Museum purposefully availing itself to California nor does it arise from any action taken by the Museum in California.

This Motion is based on this Notice of Notion and Motion, the Memorandum of Points and Authorities, the concurrently filed declaration of Nicola Longford, the pleadings, papers, and records on file in this action, and such oral argument as may be presented at the time of the hearing.

Dated: April 24, 2024

Respectfully submitted,

LOCKE LORD LLP

By:_/s/ Daniel A. Solitro_

Daniel A. Solitro
Madeleina Halley
*Attorneys for Respondent DALLAS COUNTY HISTORICAL FOUNDATION D/B/A THE SIXTH FLOOR MUSEUM AT DEALEY PLAZA*

# **TABLE OF CONTENTS**

I.      INTRODUCTION ............................................................................................1

II.     RELEVANT FACTUAL BACKGROUND ......................................................2

        A.      The Sixth Floor Museum ...........................................................2

        B.      Plaintiff's FOIA Request to NARA ...........................................4

III.    THE COMPLAINT SHOULD BE DISMISSED UNDER RULE
        12(B)(2) SINCE THE MUSEUM IS NOT SUBJECT TO PERSONAL
        JURISDICTION IN THIS FORUM.................................................................5

        A.      There is No General Jurisdiction Because the Museum Is Not "At
                Home" in California. ................................................................6

        B.      The Museum Is Not Subject to Specific Jurisdiction in California. ..........7

                1.      The Museum Has Not Purposefully Availed Itself of the
                        Forum. .......................................................................8

                2.      Plaintiff's Claim for Declaratory Relief Does Not Arise Out
                        of Activities Directed at California..................................9

                3.      The Exercise of Jurisdiction Would Not Be Constitutionally
                        Reasonable. ..............................................................10

IV.     CONCLUSION ............................................................................................11

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,
   223 F.3d 1082 (9th Cir. 2000) ...................................................................................6

*Briskin v. Shopify, Inc.*,
   87 F.4th 404 (9th Cir. 2023) .....................................................................................8

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985).........................................................................................7, 9, 10

*Core-Vent Corp. v. Nobel Industries A.B.*,
   11 F.3d 1482 (9th Cir. 1993) ...................................................................................10

*Daimler AG v. Bauman*,
   134 S.Ct. 746 (2014).................................................................................................6

*Davis v. Cranfield Aerospace Sols., Ltd.*,
   71 F.4th 1154 (9th Cir. 2023) ...................................................................................8

*Doe v. Am. Nat'l Red Cross*,
   112 F.3d 1048 (9th Cir. 1997) ...................................................................................9

*Dole Food Co., Inc. v. Watts*,
   303 F.3d 1104 (9th Cir. 2002) ...................................................................................7

*Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma,
   S.A.*,
   972 F.3d 1101 (9th Cir. 2020) ...................................................................................8

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   131 S.Ct. 2846 (2011)................................................................................................5

*Herbal Brands, Inc. v. Photoplaza, Inc.*
   (9th Cir. 2023) 72 F.4th 1085, *cert. denied* (2024) 144 S.Ct. 693 .......................8

*Lightfoot v. Cendant Mortg. Corp.*,
   769 F.3d 681 (9th Cir. 2014) .....................................................................................6

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
   647 F.3d 1218 (9th Cir. 2011) ...................................................................................5

RESPONDENT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION
*FOIACONSCIOUSNESS.COM LLC V. National Archives and Records Administration, et al.* Case No. 3:24-CV-00997-WHA

*Panavision Int'l v. Toeppen*,
    938 F. Supp. 616 (C.D. Cal. 1996) .......................................................10

*Ranza v. Nike, Inc.*,
    793 F.3d 1059 (9th Cir. 2015) ...............................................................5

*Sher v. Johnson*,
    911 F.2d 1357 (9th Cir. 1990) ...............................................................7

*Terracom v. Valley Nat. Bank*,
    49 F.3d 555 (9th Cir. 1995) ...................................................................10

*Tuazon v. R.J. Reynolds Tobacco Co.*,
    433 F.3d 1163 (9th Cir. 2006) ...............................................................6

*Walden v. Fiore*,
    134 S.Ct. 1115 (2014).............................................................................7

*World Wide Volkswagen v. Woodson*,
    444 U.S. 286 (1980).................................................................................10

**Statutes**

Cal. Civ. Proc. Code § 410.10 .........................................................................5

President John F. Kennedy Assassination Records Collection Act .........................3

## MEMORANDUM OF POINTS AND AUTHORITIES

Respondent Dallas County Historical Foundation d/b/a the Sixth Floor Museum at Dealey Plaza (the "Museum") moves to dismiss the pending action filed against it by plaintiff FOIACONSCIOUSNESS.COM LLC ("Plaintiff") for lack of personal jurisdiction.

## I.    INTRODUCTION

The Dallas County Historical Foundation (d/b/a The Sixth Floor Museum) (the "Museum") is a Texas educational and charitable non-profit corporation that operates the Sixth Floor Museum at Dealey Plaza that chronicles the assassination and legacy of President John F. Kennedy. The Museum, located at the School Book Depository Building in Dallas overlooking the site of the November 22, 1963 assassination in Dealey Plaza, opened in 1989 as an exhibit and has since evolved into a fully accredited museum with professional museum management. Over the years, the Museum has welcomed millions of visitors from all over the world. It has never operated anywhere other than out of its Dallas location, and being made to litigate this case in California would be a substantial burden both financially (its insurance does not cover this kind of suit) and in terms of the time required of is limited staff resources.

Through the years the Museum has acquired the rights (typically by donation) to a number of important film and television recordings related to the assassination of President Kennedy. It operates a licensing program for these properties, including with regard to the Zapruder film, a bystander's video recording of the assassination, the copyright to which the Museum received by donation from the Zapruder family in 1999. The Museum does not seek out licensees but responds to requests when made. In many cases the Museum allows free use of the film to researchers and persons with an academic interest; typically, it charges a licensing fee only when commercial use is intended.

In the instant case, Plaintiff FOIACONCIOUSNESS.COM ("Plaintiff") never contacted the Museum to discuss its interest in access to the Zapruder film. The Museum's first knowledge of Plaintiff or its interest in the film came when the Museum was served with the Complaint. It is not only a burden for the Museum to be required to litigate in California, it also is entirely uncertain what copyright issues might arise, if any, with the Plaintiff. Plaintiff's Complaint does not allege any wrongful acts by the Museum, which it could not do because the Museum has done nothing at all vis-

à-vis Plaintiff. And depending on the result of this case, assuming it goes forward, the Museum may never have to address any issue with Plaintiff.

The Museum believes it is not subject to personal jurisdiction in California and that it makes little sense for the Museum to remain in a case that will be costly in legal fees and staff time, and where its interests do not appear to be at issue and it has had nothing to do with the facts out of which this case arose. The Museum is a Texas non-profit corporation; its principal place of business is, and has always been, in Dallas, Texas. None of its employees reside in California or do work from there. The Museum has taken no action to purposefully avail itself of the privileges of conducting business in California. It has no agent for service of process in California and it is not registered to do business in California. Moreover, Plaintiff's claims in this lawsuit do not in any way arise from anything the Museum has done in California: Plaintiff concedes it never made any request to the Museum for permission to use the film that is the subject of its FOIA request to the National Archives and Records Administration ("NARA"). The Museum never interacted with, nor had heard of, Plaintiff before it was served with the Complaint. The Museum is not subject to general or specific personal jurisdiction in California.

The Museum respectfully requests the Court dismiss this lawsuit against the Museum for lack of personal jurisdiction.

## II.     RELEVANT FACTUAL BACKGROUND

### A.     <u>The Sixth Floor Museum</u>

The Museum is located at 411 Elm Street, Dallas, Texas, at the site of the assassination of President John F. Kennedy. Declaration of Nicola Longford ("Longford Decl.") ¶ 2. The main physical exhibit is located on the sixth floor of the former Texas School Book Depository Building from which the Warren Commission determined Lee Harvey Oswald shot President Kennedy on November 22, 1963. *Id.* The Museum is dedicated to chronicling the life and legacy of President Kennedy and the events of his assassination. *Id.* ¶ 3. The Museum has exhibitions and hosts education and public programs dedicated to this mission, all in Dallas, Texas. *Id.* The Museum's activities are managed from offices located at the physical site of the Museum. *Id.* ¶ 2.

2

RESPONDENT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION
*FOIACONSCIOUSNESS.COM LLC V. National Archives and Records Administration, et al.* Case No. 3:24-CV-00997-WHA

The Museum is, and has always been, a non-profit Texas corporation, with its principal place of business located in Dallas, Texas. Longford Decl. ¶ 2. None of the Museum's employees live, or have while employed by the Museum lived, in California. *Id*. ¶ 9. The Museum does not have an agent for service of process in California and is not registered to do business in the state. *Id*. The Museum maintains a website which provides information on visiting the Museum and its history and collections and allows users to purchase tickets to visit the Museum in Dallas. *Id*. ¶ 10. The Museum website also contains an online museum store from which users can purchase books or products inspired by the Museum's mission such as mugs, magnets, posters, and T-shirts. *Id*. ¶ 11. The online store is not directed to a particular state, including California. *Id*. In the last year, the Museum fulfilled 24 online orders shipped to California. *Id*.

As a non-profit institution dedicated to chronicling the assassination, life, and legacy of President Kennedy, the Museum owns various records, artifacts, and rights. Longford Decl. ¶ 4. The Museum is the holder of the copyright to the Zapruder film, a video recording shot by bystander Abraham Zapruder which captured President Kennedy's motorcade passing through Dealey Plaza and the assassination. *Id*. As one of the few film recordings of the assassination, the film was invaluable in investigating the sequence of events that led to President Kennedy's death. In 1999 the Zapruder family donated the copyright to the film to the Museum, which has retained it ever since. *Id.* ¶ 5.

Because the physical film that was in Abraham Zapruder's camera (and apparently, certain copies) were designated "assassination records" under the President John F. Kennedy Assassination Records Collection Act, it is held by the National Archives and Records Administration and is subject to FOIA requests. Longford Decl. ¶ 6. Since the holders of copyright interests have rights that must be recognized, when NARA receives a request for a copy of the film, NARA does not grant the request unless the requestor first seeks and obtains written permission from the Museum for a copyright license and the requestor provides proof of the permission to NARA. The same procedure exists for any copyright owner. Guidance published by NARA makes this requirement explicit, stating that although NARA has legal custody of the Zapruder film in its possession as an assassination record, the copyright to the film is held by the Museum. Longford Decl. ¶ 6, Ex. 1 (NARA Zapruder Film Guidance 2017). While a reference copy of the film is available for viewing at the National Archives, anyone seeking

a copy of the film from NARA for any other purpose must first obtain written permission from the Museum, who must then send a written copy of the permission to the Motion Picture, Sound and Video Branch of NARA before NARA can release a copy to the requestor. *Id.* Since 2003, the Museum has received and granted authorization to NARA for 27 FOIA requests for release of the film or portions therefore, of which 5 requests were made from requestors in California. *Id.* ¶ 7.

Additionally, separate from this NARA process, the Museum has granted license requests to researchers, filmmakers or other requestors wishing to use the Zapruder film for specified purposes. Longford Decl. ¶ 8. These requests are not made through FOIA. *Id.* Typically, the Museum grants licenses to researchers and persons with an academic interest at no cost, and only charges a licensing fee for commercial use. *Id.* Since 2022, the Museum has received 16 license requests and inquiries from individuals or entities from California, 12 of which related to the Zapruder film. *Id.*

### B. Plaintiff's FOIA Request to NARA

Plaintiff alleges that it is a limited liability company operating a website that "permits users to discuss and develop FOIA requests." Compl. ¶ 5. Plaintiff alleges that, through counsel, it submitted a FOIA request to NARA seeking Moses Weitzman's copies of the Zapruder Film held at the National Archives in Baltimore, Maryland on December 11, 2023. Compl. ¶¶ 6, 70, 82. In response to the request, the Complaint alleges NARA told Plaintiff that it must first obtain permission from the Museum, as the holder of the copyright to the Zapruder film, before it could grant the request. Compl. ¶¶ 8, 56, 74. Plaintiff alleges that this is "contrary to FOIA law," and believing that such permission was not necessary, never sought permission from the Museum. Compl. ¶¶ 56-57.

Plaintiff's FOIA request was denied by NARA on December 22, 2023, because Plaintiff had not sought nor received the requisite permission from the Museum. Compl. ¶ 84. Plaintiff alleges that two days later it appealed the denial on the basis that the Museum's holding of a copyright "does not constitute a legitimate and lawful exemption to FOIA," but that NARA failed to respond to its appeal within twenty working days. Compl. ¶¶ 75-77, 85-86. Plaintiff believes, therefore, that it has exhausted applicable administrative remedies with respect to the request. Compl. ¶ 87.

The Complaint purports to provide a history of the Zapruder film and its alleged "suppression" from the public through what Plaintiff considers "copyright abuse." Compl. ¶¶ 25-58. It alleges that

4

RESPONDENT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION
*FOIACONSCIOUSNESS.COM LLC V. National Archives and Records Administration, et al.* Case No. 3:24-CV-00997-WHA

NARA unlawfully denied its legitimate FOIA request by claiming a copyright exemption, although NARA informed Plaintiff of the additional steps Plaintiff needed to take before the request could be granted. Compl. ¶¶ 56-60. By filing this Complaint, Plaintiff seeks to hold NARA, as defendant, accountable for what it considers a violation of FOIA. Plaintiff seeks a declaration from the court that it is entitled to disclosure of the records it sought and that the Museum's "purported assertion of copyright does not constitute an exemption to FOIA," and an order enjoining NARA from "continuing to withhold all non-exempt records or portions thereof responsive to Plaintiff's request." Compl. at p. 12.

## III. THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(2) SINCE THE MUSEUM IS NOT SUBJECT TO PERSONAL JURISDICTION IN THIS FORUM.

"In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (internal quotation marks omitted). It is well established there are two forms of personal jurisdiction: (a) "general jurisdiction," which applies where a defendant is so "at home" in the forum so that a court may adjudicate any claims against the defendant arising from anywhere in the world; and (b) "specific jurisdiction," which allows a court to adjudicate claims that arise out of the defendant's suit-related contacts with the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011). Neither form of personal jurisdiction over the Museum is proper in this case. The Museum is a Texas corporation whose principal (and only) place of business is and has always been in Texas. California has never been its "home" and the Museum is not subject to general jurisdiction in California. And this litigation does not arise out of any suit-related contacts that the Museum has with California, as is required for specific jurisdiction. Again, the Plaintiff has *never* interacted with the Museum on the matters at issue in this case. Thus, the Due Process Clause does not authorize personal jurisdiction over the Museum in this case.[1]

---

[1] "Where, as here, no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits. California's long-arm statute, Cal. Civ. Proc. Code § 410.10, is coextensive with federal due process requirements." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citations omitted).

RESPONDENT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION
*FOIACONSCIOUSNESS.COM LLC V. National Archives and Records Administration, et al.* Case No. 3:24-CV-00997-WHA

### A. There is No General Jurisdiction Because the Museum Is Not "At Home" in California.

The Supreme Court in *Daimler AG v. Bauman*, 134 S.Ct. 746, 754-760 (2014) sharply limited the range of jurisdictions in which a corporate defendant may be considered "essentially at home" and therefore subject to general jurisdiction. *Lightfoot v. Cendant Mortg. Corp.*, 769 F.3d 681, 689 (9th Cir. 2014) (quoting *Daimler*, 134 S. Ct. at 755-58). "The two places where a corporation is 'essentially at home' and therefore subject to general jurisdiction are its place of incorporation and its principal place of business." *Id.* (citing *Daimler*, 134 S. Ct. at 760). That is, a corporation is "at home" in the same places the Court considers for diversity jurisdiction. A corporation can be considered at home elsewhere only in a truly "exceptional case," such as when its *de facto* principal place of business and its formal headquarters are temporarily in different locations. *Daimler*, 134 S. Ct. at 755–58 & n.8 (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)).

The Museum is incorporated in Texas, not California, and Texas (and Dallas specifically) is its principal place of business. Longford Decl. ¶ 2. California has never been its "home;" nothing it has done makes California a place where the Museum has contacts that might "approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). Whether a defendant's contacts with a state approximate physical presence turns on the "economic reality of the defendants' activities rather than a mechanical checklist." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1173 (9th Cir. 2006). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Bancroft & Masters*, 223 F.3d at 1086.

None of the relevant factors weigh in favor of general jurisdiction in this case. The Museum is not incorporated in California, nor is it registered to do business in the state. Longford Decl. ¶ 9. It does not have any executives or employees located in the state and has not designated an agent for service of process there. *Id.* The Museum has no physical presence in California. *Id.* It hosts hundreds of thousands of visitors in Dallas, and none in California, as its only physical presence is in Dallas. The Museum's sales activity in California are minimal, having made only two dozen online sales to

California customers over the past year.  *Id.* ¶ 11.  And since October 2022, the Museum has received 16 requests and inquiries from persons or entities from California, 12 of which related to the Zapruder film.  *Id.* ¶ 8.  Each request was made from California and not solicited by the Museum.  *Id.*

These minimal contacts are entirely and obviously insufficient to deem the Museum "essentially at home" in California.

**B.    The Museum Is Not Subject to Specific Jurisdiction in California.**

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation."  *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984).  The exercise of specific jurisdiction "is consistent with due process" only where "the defendant's suit-related conduct ... create[s] a substantial connection with the forum state." *Ibid*.

A court may exercise specific jurisdiction over a non-resident defendant only where the following requirements are met:

>    (1)    the non-resident defendant must purposefully direct its activities or consummate some transaction with the forum or resident thereof; or perform some act by which it purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

>    (2)    the claim must be one which arises out of or relates to the defendant's forum-related activities; and

>    (3)    the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).  The plaintiff bears the burden of satisfying the first two prongs of the test for specific jurisdiction.  *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).  "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

//

//

### 1. The Museum Has Not Purposefully Availed Itself of the Forum.

The first prong of the specific jurisdiction analysis analyzes whether a defendant has purposefully directed its activities towards the forum state, purposefully availed itself of the privilege of conducting activities in the forum state, or some combination of the two.[2] *Briskin v. Shopify, Inc.*, 87 F.4th 404, 412 (9th Cir. 2023). Although the two tests are distinct, "[a]t bottom, both purposeful availment and purposeful direction ask whether defendants have voluntarily derived some benefit from their interstate activities such that they 'will not be hauled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts." *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985)).

To determine whether a defendant has purposefully directed its activities to the forum state, the court will analyze whether the defendant (1) committed an intentional act; (2) expressly aimed at the forum state; (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Davis v. Cranfield Aerospace Sols., Ltd.,* 71 F.4th 1154, 1162-1163 (9th Cir. 2023).

Plaintiff's lawsuit relates to its FOIA request to NARA and the alleged denial of that request because it seeks copyrighted material and, specifically, films for which the Museum holds a copyright. The Museum, however, had no role in the FOIA request, its alleged denial, or any other allegations in the Complaint—and Plaintiff does not contend otherwise. Compl., *passim*. Plaintiff concedes it "never sought" permission to use the requested film from the Museum at any time prior to filing this lawsuit. Compl. ¶ 57. In fact, the Museum did not even know about Plaintiff's FOIA request, or NARA's response thereto, until the Museum was served with the Complaint in the pending lawsuit. Longford Decl. ¶ 12. Therefore, the Museum could not have "purposefully availed" itself of the privileges of this forum in relation to the subject matter of this lawsuit.

The attenuated contacts the Museum does have with California—entertaining requests to license intellectual property for which it holds the copyright or minimal sales of physical products

---

[2] Although courts will most often use the purposeful direction analysis for claims that sound in intentional tort, and the purposeful availment analysis for claims sounding in contract, this is not a "hard-and-fast" rule. *Briskin v. Shopify, Inc.*, 87 F.4th 404, 412 (9th Cir. 2023); *Herbal Brands, Inc. v. Photoplaza, Inc.* (9th Cir. 2023) 72 F.4th 1085, 1090, *cert. denied* (2024) 144 S.Ct. 693.

from its store—are unrelated to any of the allegations in Plaintiff's Complaint. While the Museum has, on occasion, provided permission in response to a FOIA request, no such request was ever made by Plaintiff here. Compl. ¶ 57; Longford Decl. ¶¶ 6, 12, Ex. 1 (NARA Zapruder Film Guidance 2017). Nor do Plaintiff's claims in this case have anything to do with the minimal sales of merchandise from the Museum's website that it has delivered to California.

Because The Museum did not purposefully avail itself of any forum benefits, the specific jurisdiction analysis can and should stop here.

### 2. Plaintiff's Claim for Declaratory Relief Does Not Arise Out of Activities Directed at California.

Even if the Museum's minimal transactions with Californian constituted personal availment or direction, those contacts have nothing to do with the subject of Plaintiff's lawsuit. Plaintiff's claim has no relation to anything the Museum did in California. The second requirement for specific personal jurisdiction is not satisfied since the Museum's contacts did not give rise to Plaintiff's claims in the lawsuit. *Burger King Corp.*, 471 U.S. at 477-478. Activities that are deemed "too attenuated," do not satisfy the second element of the test for specific jurisdiction. *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997).

The conduct, or lack thereof, that gives rise to Plaintiff's lawsuit is the alleged failure of NARA to grant Plaintiff's request for a copy of the Zapruder film. Plaintiff does not allege any wrongdoing by the Museum and does not name it as a Defendant, rather characterizing it as a Respondent. Plaintiff vaguely, and baselessly, alleges that it is improper for the Museum to "assert control over the copyright to the film, even in response to FOIA requests, where copyright is not a FOIA exemption." Compl. ¶ 55-58. Plaintiff, however, never made any request to the Museum, or had any other contact or correspondence with the Museum, let alone communications that gave rise to its claims in this lawsuit. The Museum did not do anything in response to Plaintiff's FOIA request because it did not know the request was even made until this lawsuit was filed. Longford Decl. ¶ 12.

There are no Museum contacts with California relating to Plaintiff's lawsuit before the Court. Thus, the second element for personal jurisdiction is not satisfied.

//

### 3. The Exercise of Jurisdiction Would Not Be Constitutionally Reasonable.

Even if Plaintiff could satisfy both of the first two elements (which it cannot), the exercise of personal jurisdiction by this Court would be patently unreasonable and, therefore, improper. "The relationship between the defendant and the forum must be such that 'it is reasonable … to require the [defendant] to defend the particular suit which is brought there.'" *World Wide Volkswagen v. Woodson*, 444 U.S. 286, 292 (1980). For jurisdiction to be reasonable, it must comport with the traditional notions of "fair play and substantial justice." *Burger King*, 471 U.S. at 476-78 (1985) ("the concept of fair play and substantial justice may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities").

In addressing the question of reasonableness, the Ninth Circuit considers the following seven factors: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995); *Panavision Int'l v. Toeppen*, 938 F. Supp. 616 (C.D. Cal. 1996); *Core-Vent Corp. v. Nobel Industries A.B.*, 11 F.3d 1482, 1487-88 (9th Cir. 1993). No factor is dispositive—a court must balance all seven factors. *Id.* Here, all the above factors weigh against the Court exercising personal jurisdiction over the Museum.

*First*, as discussed in detail above, the Museum's contact with California is limited to the operation of its website, which is available worldwide and is not targeted at California specifically. Longford Decl. ¶ 10. The website merely provides information on visiting the Museum and its history and collections, as well as selling tickets to the Dallas museum. *Id.* The online store is not directed to a particular state, including California, and in the last year the Museum has fulfilled only 24 online orders shipped to California. *Id.* ¶ 11. As it relates to the subject of this litigation (the holding of the copyright for the Zapruder film), the Museum has made *no* purposeful interjection into California. The Museum's actions with regard to the Zapruder film are responsive, not proactive: it merely responds to FOIA requests and requests for licenses to use the film or other parts of its collection.

Longford Decl. ¶ 6.  It does not actively seek out persons or entities in California to grant licenses or copyright permission.  *Id*. ¶¶ 6-8.

*Second*, defending this lawsuit in California would impose a considerable burden on the Museum.  The Museum has no  employees in California, and it would be a considerable burden on the Museum's limited resources, as a non-profit, to litigate this dispute in California.  Longford Decl. ¶ 9.  And Plaintiff will not be denied convenient and effective relief if the Museum is dismissed.  It does not claim the Museum did anything wrong to it and its claim is for violation of FOIA by a federal agency.

There is no reasonable basis for this dispute to be resolved in this Court because the Museum—which is specifically dedicated to a historical event which occurred in Dallas, Texas—would have no reasonable basis to believe it could be brought into the Northern District of California as a "respondent" to defend this or any other lawsuit.

## IV.    CONCLUSION

The Museum respectfully requests that the Court grant its motion to dismiss this case for lack of personal jurisdiction.


Dated:  April 24, 2024                                Respectfully submitted,

LOCKE LORD LLP


By: */s/ Daniel A. Solitro*

Daniel A. Solitro
Madeleina Halley
*Attorneys for Respondent DALLAS COUNTY*
*HISTORICAL FOUNDATION D/B/A THE*
*SIXTH FLOOR MUSEUM AT DEALEY PLAZA*