Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff*
FOIACONSCIOUSNESS.COM LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOIACONSCIOUSNESS.COM LLC, a California Limited Liability Company,<br><br>      Plaintiff,<br><br>  v.<br><br>NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, a federal agency,<br><br>      Defendant,<br><br>DALLAS COUNTY HISTORICAL FOUNDATION d/b/a THE SIXTH FLOOR MUSEUM AT DEALEY PLAZA,<br><br>      Respondent. | Case No.: 3:24-cv-00997-JD<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE SIXTH FLOOR MUSEUM'S MOTION TO DISMISS**<br><br>Hon. James Donato<br>Hearing: June 6, 2024<br>Time: 10:00 a.m.<br>Courtroom: 11 |

Pursuant to L-R 7-4, Plaintiff FOIACONSCIOUSNESS.COM ("Plaintiff") respectfully submits the following Memorandum of Points and Authorities in opposition to the Motion to Dismiss filed by the DALLAS COUNTY HISTORICAL FOUNDATION d/b/a THE SIXTH FLOOR MUSEUM AT DEALEY PLAZA ("Museum") (Dkt. 26).

## STATEMENT OF ISSUE(S) TO BE DECIDED

1.  Whether the Museum is a necessary party under Fed. R. Civ. P. 19?

2.  Whether the Court has specific jurisdiction over the Museum?

3.  Whether the Museum should be dismissed?

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This case raises the issue of how to properly join a third party who asserts a copyright in opposition to a FOIA request. There is sparse case law on this situation, but the leading case provides sufficient guidance. *See Weisberg v. Dep't of Just.*, 631 F.2d 824, 829 (D.C. Cir. 1980).

In overturning summary judgment awarded to the plaintiff for failure to join the alleged copyright holder in his FOIA suit, the D.C. Circuit held that "the district court should have sought the presence of the alleged copyright holder under Rule 19 before deciding this case. Because [the alleged copyright holder] was not a party, the district court has subjected the Government to a substantial risk of incurring . . . inconsistent obligations." *Id.* at 829 (internal citation omitted).

Here, in response to Plaintiff's request for two versions of the Zapruder film held in the National Archives, the National Archives asserted that a copyright is held by the Sixth Floor Museum and the request could only be granted if permission was obtained from the copyright holder. Leaving the Museum out of this litigation would violate Rule 19 because the Museum could claim it never had a chance to assert its copyright and it would leave open the possibility of the Museum later filing another case against NARA. *Id.* at 830 (If the alleged copyright holder was joined in the action, "the rights and liabilities of all interested persons would have been finally and consistently determined in one forum.").

Further, it would not be unfair for the Court to exercise specific jurisdiction over the Museum for its assertions of copyright over Plaintiff and other contacts with the forum. Through NARA, the Museum asserted its copyright that affected Plaintiff, who is located in this district. The Museum, through its licensing of films and shipping of e-commerce orders to people in California, has sufficient contacts and purposefully avails itself in California. If the Museum does wish for an opportunity to continue to assert its copyright, it cannot be dismissed from this case. If the Museum does not wish to participate, then NARA cannot continue to assert copyright on behalf of the Museum.

## II.    FACTUAL BACKGROUND

Plaintiff FOIACONSCIOUSNESS.COM is a website dedicated to developing FOIA requests located in San Mateo, California. *See* Dkt. 1 ("Complaint") at ¶¶ 5, 16-17. On December 11, 2023, Plaintiff submitted a FOIA request to the National Archives via email. The Requests were for: (1) Moses Weitzman's version of the Zapruder film – NAID: 597131 Local ID: 541-LIBRARY-53 and (2) Moses Weitzman's version of the Zapruder film with Manipulations done at the National Archives – NAID: 596950 Local ID: 541-LIBRARY-53. *Id.* at ¶ 70.  Mr. Weitzman's versions are based on enlargements and enhancements he performed for Life magazine in 1967. *Id.* at ¶¶ 64-68.

Although not addressing the versions of the Zapruder film specific to Plaintiff's request that were obtained from Mr. Weitzman through Life Magazine, the Museum states that "[i]n 1999, the Zapruder family donated the copyright to the film to the Museum" and it is the "holder of the copyright to the Zapruder film[.]" *See* Dkt. 26-1, Declaration of Nicola Longford ¶¶ 4-5 ("Longford Decl."). The Museum instructs that "[w]hen someone submits a FOIA request regarding the Zapruder film to NARA, the requestor must first obtain written permission from the Museum authorizing release. NARA's website links to the Museum and states that anyone seeking copies of the Zapruder film must first obtain permission from the Museum[.]" *Id.* at ¶ 6. Plaintiff never sought and does not have permission of any kind from the Sixth Floor Museum. *Id.* at ¶ 57. The Museum states that The Zapruder film is an "assassination record" under the President John F. Kennedy Assassination Records Act and is held by NARA in Baltimore, Maryland. Longford Decl. ¶ 6.

The FOIA Request complied with all applicable regulations regarding the submission of FOIA requests. *Id.* at ¶ 71. On December 12, 2023, Defendant NARA sent a letter acknowledging receipt and stating the request would be forwarded to the Office of Research Services, Motion Picture and Sound Branch. *Id.* at ¶ 72. On December 22, 2023, Defendant NARA sent a letter assigning tracking number 2412740. *Id.* at ¶ 73. NARA said "However, permission to reproduce the Zapruder film must be obtained

from the Sixth Floor Museum before copies can be made…" *Id*. at ¶ 74. The requested films were not provided.

On December 24, 2023, counsel for Plaintiff appealed the decision. Counsel emailed the appeal to foia@nara.gov. It stated that "the response does not meet the requirements of the Freedom of Information Act because it failed to produce a copy of the film and it failed to cite any FOIA exemptions that would be required to withhold production…" *Id*. at ¶ 75. On December 27, 2023, NARA responded acknowledging the appeal and assigning tracking number NGC24-020A. *Id*. at ¶ 76. As of the filing of the Complaint, more than 20 (twenty) working days had elapsed since Plaintiff filed its appeal and its appeal was submitted and acknowledged, but Defendant has failed to inform Plaintiff of the results if its appeal. *Id*. at ¶ 77.

On February 20, 2024, Plaintiff filed this suit against NARA for violating the Freedom of Information Act, 5 U.S.C. § 552, by failing to disclose records held in its custody and requested by Plaintiff and without asserting a valid FOIA exemption. Plaintiff also named as a necessary party the Sixth Floor Museum. On April 24, 2024, NARA filed its Answer. Dkt. 25. Also on April 24, 2024, the Museum filed a motion to dismiss that is now before the Court. Dkt. 26.

## III.   LEGAL STANDARD

### A.   Joining a Necessary Party Under Fed. R. Civ. P. 19

Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, impede the putative party's ability to protect their interests, or subject any of the parties to the danger of inconsistent obligations. Fed. R. Civ. P. 19(a). "A person falling within the scope of Rule 19(a) must be joined to the ongoing action if feasible." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999). "The standard is met when failure to join will lead to separate and redundant actions but it is not met when defendants are only tangentially related to the cause of action or would not prevent complete relief." *Id*. (internal citation omitted).

**B.    Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2)**

A party may challenge the Court's personal jurisdiction over it by bringing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2). When a defendant raises a challenge to personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). The plaintiff may meet that burden by submitting affidavits and discovery materials. *Id.* "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (internal quotation marks and citation omitted). "[T]he plaintiff cannot simply rest on the bare allegations of its complaint," but when evaluating the plaintiff's showing, the court must accept uncontroverted allegations in the complaint as true and resolve factual disputes created by conflicting affidavits in the plaintiff's favor. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (internal citation omitted).

**IV.    PLAINTIFF PROPERLY JOINED THE MUSEUM AS A NECESSARY PARTY UNDER FED. R. CIV. P. 19 AND THE COURT MAY FAIRLY EXERCISE PERSONAL JURISDICTION OVER THE MUSEUM**

Plaintiff was required to and did join the Museum as a necessary party under Rule 19. If Plaintiff did not proceed in that manner, the Court would have dismissed the case for failure to join a necessary and indispensable party.

**A.    The Museum is a Necessary Party and Could Not Have Been Left Absent**

Rule 19 provides the framework for determining whether a party is necessary and indispensable to an action. Rule 19(a) "contemplates a two-part analysis" as to whether an absent party is necessary. *Confederated Tribes of Chehalis Indian Reservation v. Lujan*, 928 F.2d 1496, 1498 (9th Cir. 1991).

First, the court must consider if complete relief is possible among those parties already in the action. Second, the court must consider whether the absent party has a legally protected interest in the outcome of the action, and if so, if a decision in that party's absence will (i) impair or impede its ability

to protect that interest; or (ii) expose it to the risk of multiple or inconsistent obligations by reason of that interest. *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist*., 276 F.3d 1150, 1155 (9th Cir.). If an absent party satisfies either of these alternative tests, it is necessary to the resolution of the claim. *Id.*

### 1. Complete Relief is Not Possible without the Museum Present

Complete relief is not fully possible without the Museum present. As discussed, if the Museum were not joined, the case would be dismissed or overturned. *See Weisberg*, 631 F.2d at 830 (reversing summary judgment entered in favor of the plaintiff because "the district court should have sought the presence of the alleged copyright holder under Rule 19 before deciding this case."). Plaintiff needs an adjudication against the combination of both NARA and the Museum together because they are both opposing Plaintiff's FOIA request and lawsuit on the basis of the Museum's copyright. If the Museum were not present, and Plaintiff prevailed, the relief would not address any arguments raised by the Museum as to whether its assertion of its copyright is valid and whether the copyright can block Plaintiff's FOIA request. Accordingly, Plaintiff cannot obtain complete relief without the Museum present. It was proper for Plaintiff to name and serve the Museum as a Respondent. Dkt. 10.

### 2. The Museum Has a Legally Protected Interest in the Outcome

A party joined by Rule 19 must have an interest that is "legally protected, not merely a financial interest or interest of convenience." *Northrop Corp. v. McDonnell Douglas Corp*., 705 F.2d 1030, 1043 (9th Cir. 1983). The Museum asserted an interest in its copyright blocking Plaintiff's FOIA request and it is likely to oppose the relief Plaintiff seeks in this action. These assertions are the Museum's legally protected interests. *See, e.g., Shropshire v. Canning*, No. 10-CV-01941-LHK, 2012 U.S. Dist. LEXIS 760, 2012 WL 13658 (N.D. Cal. Jan. 4, 2012) (recognizing copyright is a legally protected interest).

3. **A Decision in its Absence Would impair the Museum's Ability to Protect that Interest and Expose NARA to a Risk of Inconsistent Obligations**

A decision in the Museum's absence will impair or impede its ability to protect its copyright and NARA will be exposed to the risk of multiple or inconsistent obligations by reason of that interest. The purpose of the joinder rule is to "preserve the right of parties to make known their interests and legal theories which flows from the concept that "[j]ust adjudication of claims requires that courts protect a party's right to be heard and to participate in adjudication of a claimed interest, even if the dispute is ultimately resolved to the detriment of that party." *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992) (internal citations omitted). *Cf. id* at *15. ("[W]here a party is aware of an action and chooses not to claim an interest, the district court does not err by holding that joinder was unnecessary.")

If the Court decides in Plaintiff's favor, and orders NARA to produce the films in the Museum's absence, then the Museum would not get a chance to assert its copyright in opposition to Plaintiff's FOIA action. This would mean that the decision in the Museum's absence would both 1) impair the Museum's ability to protect its copyright interest and 2) expose NARA to a risk of another action by the Museum.

*Weisberg v. Dep't of Just.* is the leading case on this issue. 631 F.2d 824, 829 (D.C. Cir. 1980). Researcher Harold Weisberg requested photos of Martin Luther King from the FBI under FOIA, but his request was rejected because Time, Inc. held a copyright to the photos. Mr. Weisberg filed suit against the FBI for a FOIA violation, and on summary judgment, the FBI was ordered to produce the photos. *Id*. at 825. However, on appeal, the D.C. Circuit reversed and remanded, holding that "the district court should have sought the presence of the alleged copyright holder under Rule 19 before deciding this case. Because Time, Inc. was not a party, the district court has subjected the Government to a substantial risk of incurring . . . inconsistent obligations." *Id*. at 829. (internal citation omitted). "[U]nder the Federal Rules, the district court has an independent responsibility to assure the just and final resolution of civil disputes. Had TIME participated in the proceedings below whether by intervention, joinder as a party, or interpleader, the rights

and liabilities of all interested persons would have been finally and consistently determined in one forum. As matters now stand, we are faced with the needless potential for duplicative litigation." *Id.*

The same risk of inconsistent obligations would arise here without the Museum present. If the Court orders NARA to produce the films, the Museum would not have chance to argue its copyright claim and that may expose NARA to a separate claim by the Museum. Accordingly, this situation satisfies the Rule 19 criteria for joining a necessary party. It was proper for Plaintiff to join the Museum.

**B.      The Court Has Specific Jurisdiction over the Museum because the Museum's Assertions of Copyright were Directed Towards Plaintiff in this District and the Museum Has Sufficient Contacts with California**

     1.     The Museum Should Be Estopped From Simultaneously Asserting 1) its Copyright in Opposition to Plaintiff's FOIA Suit Properly in this District and 2) That the Court Lacks Jurisdiction over the Museum in this District

The Museum asserts a motion to dismiss under Fed. R. Civ. P. 12(b)(2) on the grounds that the Court does not have jurisdiction. As an initial matter, this position is inconsistent with the Museum asserting its copyright in opposition Plaintiff's FOIA request and lawsuit. There is no dispute that Plaintiff resides in this district and this case being pending in this district is an acceptable forum under FOIA law. NARA has filed an answer. The Museum does not argue that Plaintiff fails to state a claim against NARA. The Museum should not be permitted to argue simultaneously that 1) NARA should not fulfill Plaintiff's FOIA request because of the Museum's copyright and also that 2) the Court lacks jurisdiction over the Museum.

In filing suit against NARA, Plaintiff is required to join the Museum to give it an opportunity to defend its copyright assertion under Rule 19. *See Weisburg*, 631 F.2d at 830 ("Had TIME participated in the proceedings below whether by intervention, joinder as a party, or interpleader, the rights and liabilities of all interested persons would have been finally and consistently determined in one forum. As matters now stand, we are faced with the needless potential for duplicative litigation.") NARA has already filed an answer and is ready to move forward. But it is unfair for NARA to assert the Museum's copyright without the Museum having to participate in the litigation.

2.    The Court May Fairly Exercise Specific Personal Jurisdiction over the Museum Because the Museum Satisfies the Minimum Contacts Test

If the Court does reach the issue of whether it is fair to exercise specific jurisdiction over the Museum, it would indeed be fair to do so. To exercise specific jurisdiction in accordance with due process, a nonresident defendant must have "minimum contacts" with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (internal citation omitted).

First, the "nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum," thereby invoking the benefits and protections of the forum state. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997). Second, the claim must "arise out of or result from the defendant's forum-related activities," and third, the exercise of personal jurisdiction over the defendant must be reasonable. *Pebble Beach Co.*, 453 F.3d at 1155.

i.    The Museum's Assertion of Copyright in Opposition to Plaintiff's FOIA Request and Lawsuit in this District satisfies Purposeful Availment

The actions of NARA on behalf of the Museum directed towards Plaintiff and other California requestors satisfy purposeful availment. Plaintiff is a California limited liability company with headquarters in San Mateo County. Plaintiff's FOIA request to NARA was denied because Plaintiff did not have permission from the Museum. The assertions of copyright were directed towards and caused Plaintiff's FOIA request to be denied in this district.

The Museum claims it never interacted with Plaintiff, but that is a mischaracterization. The Museum has effectively authorized NARA to act as its agent when it asserts the Museum's copyright and denied Plaintiff's request. These are not isolated incidents. For any FOIA request relating to the Zapruder film, the Museum will assert its copyright through NARA. *See* Longford Decl. ¶ 6. NARA's website links to the Museum's website. Anyone seeking copies of the Zapruder film must first obtain permission from the Museum. *Id.* For purposes of personal jurisdiction, the contacts of an agent may be imputed to the

principal. *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990). NARA's contacts with Plaintiff should be attributed to the Museum when NARA acts as an agent for the Museum in asserting the copyright to block Plaintiff's FOIA request.

The Museum on its own accord also purposefully avails itself of doing business with California generally. The museum maintains a website and ships orders from its website directly to people in California. In the last year, the Museum's jfk.org website shipped 24 online orders to California. Longford Decl. ¶ 7. The Museum commonly asserts copyrights and engages in emails and licensing agreements with people in California. The Museum has licensed materials to 16 researchers in California since 2022, 12 including the Zapruder film. *Id*. at ¶ 8. The Museum has granted access to the film to 5 people in California since 2003. *Id*. at ¶ 7. This is sufficient to satisfy purposeful availment.

        ii.      This Action Directly Arises out of the Museum's Contacts with Plaintiff in This District

This claim directly arises out of the Museum's assertion of copyright in opposition to Plaintiff's FOIA request and NARA's denial of Plaintiff's request based on the Museum's assertion. NARA refused to fulfill Plaintiff's FOIA request by producing copies of the requested films. Instead, it stated that "permission to reproduce the Zapruder film must be obtained from the Sixth Floor Museum before copies can be made…" Complaint at ¶ 74. Clearly, NARA did not say this on its own accord. NARA asserted the Museum's copyright while acting as an agent of the Museum or on the Museum's behalf.

        iii.      It Would Not be Unfair to Exercise Personal Jurisdiction over the Museum

There is no compelling reason that exercising specific jurisdiction over the Museum would be unreasonable. The Museum portrays itself as a provincial Texas museum, but in fact it is making broad assertions of copyright on public records held by the National Archives which impact Plaintiff and other FOIA requestors in this district and in California. It also regularly does business in California. Accordingly, it can hardly be said that exercising specific jurisdiction over the Museum would be manifestly unfair.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Museum's motion to dismiss and hold that the Museum was properly joined as a necessary party under Rule 19.

Dated: May 8, 2024               By:        /s/ Mark L. Javitch_____
                                                    Mark L. Javitch (SBN 323729)
                                                    JAVITCH LAW OFFICE
                                                    3 East 3rd Ave. Ste. 200
                                                    San Mateo CA 94401
                                                    Tel: (650) 781-8000
                                                    Fax: (650) 648-0705

                                                    *Attorneys for Plaintiff*
                                                    FOIACONSCIOUSNESS.COM LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

Filed electronically with the United States District Court for the Northern District of California CM/ECF system.

Notification was therefore automatically sent through the CM/ECF system to:

United States District Court for the Northern District of California
All counsel of record as recorded on the electronic service list.

Respectfully submitted,


Date: May 8, 2024                    By:  /s/ Mark L. Javitch
                                          Mark L. Javitch