1    **LOCKE LORD LLP**
Daniel A. Solitro (SBN 243908)
2    dsolitro@lockelord.com
Madeleina Halley (SBN 341540)
3    madeleina.halley@lockelord.com
300 South Grand Avenue, Suite 2600
4    Los Angeles, California 90071
Telephone:   (213) 485-1500
5    Facsimile:   (213) 485-1200
6

7    Attorneys for Respondent
DALLAS COUNTY HISTORICAL FOUNDATION D/B/A THE SIXTH FLOOR MUSEUM AT
8    DEALEY PLAZA

9                 **UNITED STATES DISTRICT COURT**

10               **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 11   FOIACONSCIOUSNESS.COM LLC, a California limited liability company, | Case No. 3:24-CV-00997-JD |
| 12            Plaintiff, | *Hon. James Donato* |
| 13    vs. | **RESPONDENT'S REPLY IN** |
| 14   NATIONAL ARCHIVES AND RECORDS | **SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| 15   ADMINISTRATION, a federal agency, | **FOR LACK OF PERSONAL JURISDICTION** |
| 16           Defendant, and | |
| 17   DALLAS COUNTY HISTORICAL FOUNDATION d/b/a THE SIXTH FLOOR MUSEUM AT DEALEY | Date:       June 6, 2024 |
| 18   PLAZA | Time:      10:00 a.m. |
| 19          Respondent. | Courtroom:    11 |

20

21

22

23

24

25

26

27

28

1

RESPONDENT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
*FOIACONSCIOUSNESS.COM LLC v. National Archives and Records Administration, et al.* Case No. 3:24-CV-00997-JD

# **TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ................................................................................................1

II.    THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT AGAINST THE

       MUSEUM FOR LACK OF PERSONAL JURISDICTION .................................................2

    A.    Whether the Museum Is A Necessary Party Is Not Relevant to the Determination of

          Personal Jurisdiction ......................................................................................2

    B.    Plaintiff Concedes There is No General Jurisdiction Over the Museum in California .3

    C.    The Museum Is Not Subject to Specific Jurisdiction in California ..............................4

          1.    The Museum Does Not Have An Agency Relationship With NARA....................4

          2.    Denial Of A Copyright License Does Not Confer Jurisdiction In The Requester's

                Home State...............................................................................................6

          3.    The Museum's Website Is Not Sufficient To Grant Specific Jurisdiction .............7

    D.    Final Points ...................................................................................................9

III.   CONCLUSION...................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)..........................................................................................4

*Briskin v. Shopify, Inc.*
    87 F.4th 404 (9th Cir. 2023) ..........................................................................8

*Clinco v. Roberts*,
    41 F. Supp. 2d 1080 (C.D. Cal. 1999) ............................................................2

*Disabled Rights Action v. Las Vegas Events*,
    375 F.3d 861 (9th Cir. 2004) ..........................................................................3

*Dole Food Co., Inc. v. Watts*,
    303 F.3d 1104 (9th Cir. 2002) ....................................................................4, 8

*Douglas Furniture Co. of California v. Wood Dimensions, Inc.*,
    963 F. Supp. 899 (C.D. Cal. 1997) .................................................................7

*E.E.O.C. v. Peabody W. Coal Co.*,
    400 F.3d 774 (9th Cir. 2005) ..................................................................1, 2, 3

*Garlock Sealing Techs., LLC v. NAK Sealing Techs. Corp.*,
    148 Cal. App. 4th 937 (2007), *as modified on denial of reh'g* (Apr. 17, 2007)........................5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    131 S.Ct. 2846 (2011)......................................................................................3

*Ochoa v. J.B. Martin & Sons Farms, Inc.*,
    287 F.3d 1182 (9th Cir. 2002) ........................................................................5

*Rental Hous. Owners Assn. of S. Alameda Cnty., Inc. v. City of Hayward*,
    200 Cal. App. 4th 81 (2011) ...........................................................................5

*Sher v. Johnson*,
    911 F.2d 1357 (9th Cir. 1990) ........................................................................4

*van't Rood v. Cnty. of Santa Clara*,
    113 Cal. App. 4th 549, 572 (2003) .................................................................5

*Weisberg v U.S. Dep't. of Justice*,
    631 F.2d 824 (D.C. Cir. 1980) .......................................................................3

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
    433 F.3d 1199 (9th Cir. 2006) ........................................................................7

**Statutes**

California Civil Code Section 2295 .................................................................5

Federal Rule of Civil Procedure 19 ...........................................................1, 2, 3

Federal Rule of Civil Procedure 19(a) ........................................................2, 3

RESPONDENT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

*FOIACONSCIOUSNESS.COM LLC v. National Archives and Records Administration, et al.* Case No. 3:24-CV-00997-JD

Respondent Dallas County Historical Foundation d/b/a the Sixth Floor Museum at Dealey Plaza ("Museum") hereby submits its reply in support of the Museum's Motion to Dismiss Plaintiff's Complaint For Lack of Personal Jurisdiction ("Motion").

## I. INTRODUCTION

Properly, there is only one issue the Court must decide on the Museum's Motion. The issue is whether the Court has personal jurisdiction over the Museum. Once a personal jurisdiction issue is raised, a plaintiff has the burden of demonstrating there are sufficient contacts with the forum to warrant hailing a party into court in that forum. Here, plaintiff FOIACONCIOUSNESS.COM ("Plaintiff") has presented no evidence of such contacts, and instead confuses matters by spending most of its briefing on whether the Museum is a "necessary" party, when the law is clear that the Court must have jurisdiction over the Museum before that question is at all relevant. Perhaps Plaintiff has taken this approach because it is so clear the Museum has done nothing in California warranting a finding of personal jurisdiction. The Museum is not so involved in California that general jurisdiction is warranted, and Plaintiff never argues otherwise. And the facts and case law make clear that here, where Plaintiff admits it never had any contact with the Museum, specific jurisdiction also does not exist. Plaintiff cites no authority whatsoever justifying jurisdiction over the Museum, and the Museum submits that in fact there is no authority supporting the Court's exercise of personal jurisdiction.

Plaintiff contends the Court must keep the Museum in the case because it is a "necessary party" pursuant to Federal Rule of Civil Procedure 19. Rule 19 does not apply, however, if joinder is not feasible, including "when the absentee is not subject to personal jurisdiction." *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005).

The Opposition concedes the Museum lacks the requisite contacts for general jurisdiction in California. Nor has the Museum purposefully availed itself of the forum to provide specific jurisdiction. Plaintiff never requested access to the film that is the subject of its FOIA request from the Museum. Prior to its receipt of the Summons and Complaint, the Museum was not even aware of Plaintiff's FOIA request to the National Archives and Records Administration ("NARA") or of NARA's denial of the request. And even if Plaintiff had contacted the Museum for a copyright license

1  prior to filing the Complaint, which it admits it did not, the law is clear that the Museum's act of

2  responding to Plaintiff's request would not have been sufficient to confer jurisdiction in California.

3  NARA does not act, and has never acted, as the Museum's agent relating to the Zapruder film

4  despite the unsupported claim otherwise in the Opposition.  Nor does the Museum's operation of a

5  website constitute purposeful availment giving rise to specific jurisdiction in California for a claim

6  that has nothing to do with any sale or other conduct relating to the web site, and where the web site

7  is in no way directed specifically to California.

8  The only issue raised in the Museum's Motion is whether there is personal jurisdiction over

9  the Museum.  As set forth in the Motion and this Reply, the Museum respectfully submits that there

10  is no personal jurisdiction over the Museum, the Motion should be granted, and the claims against the

11  Museum should be dismissed for lack of personal jurisdiction.

12  **II.   THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT AGAINST THE**

13  **MUSEUM FOR LACK OF PERSONAL JURISDICTION**

14  A.   <u>**Whether the Museum Is A Necessary Party Is Not Relevant to the Determination**</u>

15  <u>**of Personal Jurisdiction.**</u>

16  On the first page of its Opposition, Plaintiff states the Court must decide whether the Museum

17  is a necessary party under Federal Rule of Civil Procedure 19.  This is not the issue before the Court.

18  The only issue raised in the Motion is whether personal jurisdiction exists over the Museum.  Even if

19  the Court determines that the Museum is a necessary party under Rule 19, case law is clear that such

20  a finding does not confer personal jurisdiction, which is a separate inquiry.

21  In other words, the determination of whether a party is necessary to an action under Rule 19 is

22  not an alternative means to justify a finding of personal jurisdiction over that party.  Plaintiff cites

23  *Clinco v. Roberts,* 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999) for the proposition that "[a] person

24  falling within the scope of Rule 19(a) must be joined to the ongoing action if feasible."  This rule is

25  inapplicable here for two reasons.  First, the Museum does not fall within the scope of Rule 19(a)

26  because the rule defines a required party as a "person who is subject to service of process."  Fed. R.

27  Civ. P. 19(a).  Second, it is *not* feasible to join the Museum because it is not a party subject to personal

28  jurisdiction.  *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005).  "Rule 19(a) sets

forth three circumstances in which joinder is not feasible: when venue is improper, ***when the absentee is not subject to personal jurisdiction***, and when joinder would destroy subject matter jurisdiction." *Id*. (emphasis added). Therefore, the question of whether a party is "necessary" pursuant to Rule 19 is irrelevant where, as here, the party is not subject to personal jurisdiction.

The Opposition's reliance on *Weisberg v U.S. Dep't. of Justice*, 631 F.2d 824 (D.C. Cir. 1980) to claim the Museum must remain in the case as a "necessary" party is entirely misplaced. No question of personal jurisdiction was addressed in *Weisberg* and the court itself pointed out that the copyright holder was not an indispensable party (if it was, then the case could not proceed without it), but rather only a necessary one, which should be joined *only if feasible*. *Id*. at 831; *Disabled Rights Action v. Las Vegas Events*, 375 F.3d 861, 868 n.5 (9th Cir. 2004).

Finally, although the *Weisberg* court had a concern for the possibility of "inconsistent obligations" being imposed on the government, the court acknowledged that the issue of whether the copyright holder could be made a party to the case should be addressed by the court on remand and that it was possible that joinder might be infeasible. *Id*. at 829, 831. TIME was not a party to that case, had not been served with process, nor had it been afforded the opportunity to contest personal jurisdiction. *Id*.

Whether the Museum is a necessary party pursuant to Federal Rule of Civil Procedure 19 is not relevant to the Court's determination whether personal jurisdiction exists over the Museum. The inquiries are separate. *E.E.O.C.*, 400 F.3d at 779.

**B.** **Plaintiff Concedes There is No General Jurisdiction Over the Museum in California.**

It is well established there are two forms of personal jurisdiction: (a) "general jurisdiction," which applies where a defendant is so "at home" in the forum so that a court may adjudicate any claims against the defendant arising from anywhere in the world; and (b) "specific jurisdiction," which allows a court to adjudicate claims that arise out of the defendant's suit-related contacts with the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011).

Given the facts presented by the Museum, Plaintiff's Opposition does not dispute that the Museum lacks the requisite contacts with California to provide general jurisdiction.

## C.   The Museum Is Not Subject to Specific Jurisdiction in California.

As provided in detail in the Museum's Motion, the Court may only exercise specific jurisdiction if it finds the Museum:  (1) purposefully directed activities or consummated some transaction with California, thereby invoking the benefits and protections of its laws; (2) Plaintiff's FOIA claim arises out of or relates to the Museum's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).  Plaintiff fails to satisfy its burden of establishing that the first two prongs of the test for specific jurisdiction are satisfied. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985) (only if plaintiff satisfies its burden for the first two elements does the burden shift to defendant to present a compelling case that exercise of jurisdiction would not be reasonable).

The Museum did not direct any activities toward California from which the pending case arises. The Museum never even received a request regarding the Zapruder film from Plaintiff.  Dkt. No. 26-1 (Declaration of Nicola Longford, ¶ 12).  The Museum did not know about Plaintiff's FOIA request, or NARA's response thereto, until the Museum was served with the Complaint.  *Id*.  Nor has the Museum ever had *any* interaction with Plaintiff relating to any subject prior to the pending lawsuit. *Id*.  The Opposition does not identify any contacts the Museum has with California sufficient to provide specific jurisdiction, let alone contacts from which Plaintiff's claim for violation of FOIA arose.

### 1.   The Museum Does Not Have An Agency Relationship With NARA.

Recognizing that the Museum never dealt with it at all, Plaintiff makes the specious argument that the Museum has "effectively authorized NARA to act as its agent" and, therefore, NARA's contacts with California, vis-à-vis Plaintiff, should be attributed to the Museum.  Opposition at 8:23-9:3.  While an agent's activities in a forum state may give rise to specific jurisdiction over the principal (*Sher*, 911 F.2d at 1362), that rule is not applicable here because there is no principal-agent relationship between the Museum and NARA, and Plaintiff has produced no evidence to this effect.  Further, as explained in the following section, even actions to enforce a copyright do not confer personal jurisdiction.

The existence, or lack thereof, of a principal-agent relationship is determined by state law. *Ochoa v. J.B. Martin & Sons Farms, Inc.,* 287 F.3d 1182, 1189-90 (9th Cir. 2002). An agent, as defined in California Civil Code section 2295, is one who represents the principal in dealings with third persons. The essential elements of an agency relationship are (1) the agent holds power to alter legal relations between the principal and third persons and between the principal and himself; (2) the agent is a fiduciary with respect to matters within the scope of the agency; and (3) the principal has the right to control the conduct of the agent with respect to matters entrusted to him. *Garlock Sealing Techs., LLC v. NAK Sealing Techs. Corp.,* 148 Cal. App. 4th 937, 964 (2007), *as modified on denial of reh'g* (Apr. 17, 2007). An agency relationship is a bilateral relationship created through mutual consent between the principal and agent; there must be a manifestation of consent by one person to another that the other shall act on his behalf and subject to his control. *Rental Hous. Owners Assn. of S. Alameda Cnty., Inc. v. City of Hayward*, 200 Cal. App. 4th 81, 91 (2011); *van't Rood v. Cnty. of Santa Clara*, 113 Cal. App. 4th 549, 572 (2003) ("The fact that parties had a preexisting relationship is not sufficient to make one party the agent for the other. An agency is proved by evidence that the person for whom the work was performed had the right to control the activities of the alleged agent.").

The Museum never authorized NARA to act as its agent. The Museum certainly does not control the federal government's actions regarding property in the government's control and the government can make no decisions on behalf of the Museum regarding the Museum's copyright. The Opposition provides no evidence of such a relationship. To the contrary, Plaintiff concedes in the Complaint that NARA informed Plaintiff that it did *not* have authority to provide the film and "permission to reproduce the Zapruder film must be obtained [directly] from the Sixth Floor Museum." Compl. ¶ 74. Therefore, the first element required to show agency—that NARA holds power to alter the legal relationship of the Museum—is not satisfied. The Museum has never had a written or unwritten agreement with NARA regarding the copyright to the Zapruder film. Supplemental Declaration of Nicola Longford ("Suppl. Longford Decl."), ¶ 2. The Museum has never authorized NARA to act as its agent regarding requests for the Zapruder film or in any other capacity. *Id.* NARA is not authorized, and has never been authorized, to take any action binding on the Museum in

connection with the copyright to the Zapruder film. *Id.* ¶¶ 3, 5. Nor is the Museum authorized to take any action on behalf of NARA. *Id.*

The Opposition claims, without any support, that NARA "clearly […] did not say on its own accord" that "permission to reproduce the Zapruder film must be obtained from the Sixth Floor Museum before copies can be made" and thus NARA must be acting as the Museum's agent in asserting the copyright. Opp. at 9:17-19. The Museum has never had or exercised any authority over any policy set by NARA, let alone with respect to the Zapruder film. The Museum is not authorized to direct, and has never directed, NARA's response to requests for the Zapruder film. Suppl. Longford Decl., ¶ 4. It was NARA, not the Museum, which determined that FOIA requestors should approach the Museum for approval relating to the Zapruder film. *Id.* NARA's requirement that a person first obtain permission from the Museum is not unique regarding the Zapruder film, and presumably is reflective of a general process NARA uses designed to recognize copyright rights. *Id.*

Finally, Plaintiff's claim is incorrect that NARA "asserted" the copyright to the Zapruder film. NARA is not the copyright holder to the film, the Museum is. Therefore, NARA has no authority to assert the copyright as Plaintiff claims, but as is clear in the record, NARA instead merely informs requestors such as Plaintiff of the existence of the copyright and the need to obtain permission from the actual copyright holder.

There is no agency relationship between the Museum and NARA, and certainly not one that would give rise to specific personal jurisdiction. The actions of NARA cannot be attributed to the Museum for the purpose of evaluating personal jurisdiction over the Museum.

> **2.** **Denial Of A Copyright License Does Not Confer Jurisdiction In The Requester's Home State.**

Even if Plaintiff had made a request for a copyright license to the Museum, which it admits it did not (Compl. ¶¶ 56-57), the grant or denial of a copyright license is not sufficient to confer jurisdiction in California. The act of responding to a request for a copyright license from an entity located in California does not constitute purposeful availment of the forum. Plaintiff argues that it is fair for the Court to exercise specific jurisdiction over the Museum "for its assertions of copyright over Plaintiff." Opp. at 1:20-21. This is both factually and legally incorrect. The Museum has made

6

no assertions of copyright to Plaintiff because Plaintiff, admittedly, never reached out to the Museum regarding its FOIA request. Compl. ¶¶ 56-57; Suppl. Longford Decl. ¶ 6. It is also inconsistent with case law in this jurisdiction.

In *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1208-1209 (9th Cir. 2006), the court held that a defendant's mailing of a cease-and-desist letter to the plaintiff's California headquarters was not sufficient, on its own, to grant personal jurisdiction over the defendant, a French entity. In that case, the non-resident defendant acted *proactively* in sending a letter to the California resident, rather than reactively by merely responding to a California resident's copyright license request, yet the Ninth Circuit found that this deliberate outreach to Yahoo! did not confer personal jurisdiction. *Id.*

The court in *Douglas Furniture Co. of California v. Wood Dimensions, Inc.*, 963 F. Supp. 899 (C.D. Cal. 1997) similarly held that defendant's sending of two cease-and-desist letters did not constitute purposeful availment. There, the court noted that holding otherwise would lead to the unreasonable requirement that an intellectual property owner risk having to submit to the jurisdiction of an alleged infringer in order to exercise its rights. *Id.* at 903.

Even if Plaintiff had requested permission from the Museum for the film, and the Museum had responded to Plaintiff's request, it would have been improper to then subject the Museum to personal jurisdiction in California simply because it responded to a Californian entity. Doing so would be tantamount to announcing the false notion that all copyright holders "are susceptible to suit in this forum if they assert their rights against a [forum] resident." *Id.* (quoting *KVH Industries, Inc. v. Moore*, 789 F. Supp. 69, 73 (D.R.I. 1992)).

Plaintiff's argument that the Museum somehow subjected itself to personal jurisdiction in California with regard to its copyright to the Zapruder film is unsupported both by the facts and the law.

### 3. The Museum's Website Is Not Sufficient To Grant Specific Jurisdiction.

Plaintiff's argument that the Museum's operation of a website and online store constitute purposeful availment also fails. Opp. at 9:4-11.

As a preliminary matter, Plaintiff's single cause of action for violation of FOIA does not arise out of any alleged sale or other activity on the Museum's website. For this reason alone, the website is irrelevant to finding specific jurisdiction over the Museum in this case. *Dole Food Co.,* 303 F.3d at 1111 (requisite element for specific jurisdiction is claim arises out of forum related activities).

The Opposition cites no case law in support of its theory that the Museum's website provides sufficient contacts to provide jurisdiction, likely because the existing case law is to the contrary. In *Briskin v. Shopify, Inc.* 87 F.4th 404 (9th Cir. 2023), the court analyzed whether the defendant, a web-based payment processing platform, exposed itself to specific personal jurisdiction in California by its handling of the data of a consumer who was from and made a purchase online from California. The Ninth Circuit held that "[w]hen a company operates a nationally available e-commerce payment platform and is indifferent to the location of end-users, the extraction and retention of consumer data, without more, does not subject the defendant to specific jurisdiction in the forum where the online purchase was made." *Briskin,* 87 F.4th at 421. The court noted that "the fact that a broadly accessible web platform knowingly profits from consumers in the forum state is not sufficient to show that the defendant is expressly aiming its intentional conduct there;" instead, the website or web platform must have a "forum-specific focus" or must specifically appeal to an audience in a particular state or actively target that state. *Id.* at 419-20. The court found that the defendant's platform met none of these criteria. *Id.* at 422. The plaintiff "would have suffered the same injury regardless of whether [the defendant] was a California company and regardless of whether [the plaintiff] was physically located in California when he made his purchase." *Id.* at 422-23.

Like Shopify, there is nothing specific on the Museum's website specifically targeted or marketed to Californians in any way. Suppl. Longford Decl. ¶ 7. The website does not host any advertisements pertaining to Californians. *Id.* The website primarily contains information about the Museum's location and hours of operation, as well as some information about the Museum's education mission and its collections and research resources. *Id.* The mere existence of the website and the fact that it is accessible to Californians, and occasionally makes sales to them, is insufficient to confer personal jurisdiction in California. Dkt. No. 26-1 (Longford Decl., ¶ 11 [the Museum fulfilled 24 total

online orders shipped to California in the last year].)  This is certainly so in a case where the claim has nothing to do with the website.

**D.** <u>**Final Points**</u>

The Museum lacks the requisite contacts to provide the Court general or specific jurisdiction over the Museum in California.  The Court's jurisdiction analysis can and should stop here.

The Museum is a non-profit educational organization which, never having any contact with Plaintiff until sued in this case, has been named in a lawsuit far from its Dallas home.  It has no insurance to cover this kind of lawsuit and being made to litigate this case in California would be a substantial burden both financially and in terms of the time required of its already limited staff resources.

Moreover, although irrelevant to the question of personal jurisdiction, even if the Museum is dismissed from the case, Plaintiff can still pursue its cause of action for alleged violation of FOIA against NARA.  Plaintiff, after all, has not even named the Museum as a defendant but only as a "Respondent" in this case.  The only relief Plaintiff seeks is relief against defendant NARA.

## III.  CONCLUSION

The Museum respectfully requests that the Court grant its motion to dismiss this case for lack of personal jurisdiction.

Dated:  May 15, 2024

Respectfully submitted,

LOCKE LORD LLP

By:*/s/ Daniel A. Solitro*

Daniel A. Solitro
Madeleina Halley
*Attorneys for Respondent DALLAS COUNTY*
*HISTORICAL FOUNDATION D/B/A THE*
*SIXTH FLOOR MUSEUM AT DEALEY PLAZA*