BRIAN M. BOYTON
   Principal Deputy Assistant Attorney General
MARCIA BERMAN
   Assistant Branch Director
MICHAEL J. GERARDI
   Senior Trial Counsel
   Civil Division, Federal Programs Branch
   U.S. Department of Justice
   1100 L St., N.W.
   Washington, D.C.  20005
   Telephone: (202) 616-0680
   E-mail: michael.j.gerardi@usdoj.gov

*Counsel for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOIACONSCIOUSNESS.COM LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, a federal agency,<br><br>        Defendant,<br><br>DALLAS COUNTY HISTORICAL FOUNDATION d/b/a THE SIXTH FLOOR MUSEUM AT DEALEY PLAZA,<br><br>        Respondent. | Case No.: 3:24-cv-00997-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Date: June 6, 2024**<br>**Time: 10:00 a.m.**<br>**Courtroom 11, 19th Floor** |

     Pursuant to Local Rule 16-9, this Court's Standing Order, the Standing Order for All Judges of the Northern District of California re Contents of Joint Case Management Statement, and the Reassignment Order Setting CMC, (Dkt. 23) Plaintiff FOIACONSCIOUSNESS.COM LLC, ("Plaintiff") Defendant NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, ("NARA") and Respondent DALLAS COUNTY HISTORICAL FOUNDATION d/b/a THE SIXTH FLOOR MUSEUM AT DEALEY PLAZA ("Museum"), (each a "Party" or collectively, "the Parties") hereby submit this Joint Case Management Statement in advance of the June 6, 2024 Case Management Conference.

### 1. JURISDICTION AND SERVICE

Plaintiff brought this action against NARA under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Plaintiff named the Museum as a necessary party under Rule 19. The Museum moved to dismiss for lack of personal jurisdiction and the motion is set for hearing on June 6, 2024. Dkt. 26. There are no issues concerning personal jurisdiction, venue, or service with regards to NARA, which filed an answer on April 24, 2024. Dkt. 25.

### 2. FACTS

This case arises out of Plaintiff's FOIA request submitted to the National Archives seeking copies of two versions of the Zapruder Film listed in the National Archives catalog and believed to be held in its facility in Baltimore, Maryland. *See* Dkt. 1 ("Complaint") ¶ 70.

Plaintiff alleges that NARA did not fulfill Plaintiff's FOIA request because it asserted that the Museum held a copyright over the films and Plaintiff lacked permission from the Museum. *Id*. at ¶ 74. Plaintiff further alleges that NARA informed Plaintiff that permission from the Museum was needed to obtain the films. *Id*. at ¶ 56. Plaintiff never sought permission from the Museum. *Id*. at ¶ 57. Plaintiff further alleges that NARA's response constituted a denial of Plaintiff's FOIA request, that Plaintiff subsequently appealed the denial, and that NARA did not respond to the appeal within the statutory timeframe. *Id*. at ¶¶ 75-77. Plaintiff brings one cause of action against NARA for violating FOIA and named the Museum as a necessary party. *Id*. at ¶¶ 80-87.

NARA answered the complaint on April 24, 2024. Dkt. 25. The Museum filed a motion to dismiss for lack of personal jurisdiction on April 24, 2024. Dkt. 26.

### 3. LEGAL ISSUES

The Parties plan to meet and confer in good faith to resolve Plaintiff's claims. If necessary, however, they may ask the Court to resolve whether NARA's response to Plaintiff's FOIA request was proper under FOIA as a matter of law.

### 4. MOTIONS

The Museum's motion to dismiss for lack of personal jurisdiction is pending. Dkt. 26. After the motion is resolved, the Parties anticipate filing cross-motions for summary judgment according to the schedule proposed below.

**5. AMENDMENTS**

No amendments are contemplated.

**6. EVIDENCE PRESERVATION**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The Parties have taken all measures to preserve evidence that may be relevant to this case and are not aware of any evidence preservation issues that may affect this case.

**7. DISCLOSURES**

The Parties agree and stipulate that initial disclosures pursuant to Federal Rule of Civil Procedure 26 are not necessary, as this is a FOIA action in which initial disclosures are typically not needed or required. Accordingly, the Parties respectfully request that the court excuse them from the FRCP Rule 26 obligation to exchange initial disclosures. The Parties each reserve the right to request initial disclosures if unanticipated issues or disputes arise.

**8. DISCOVERY**

The Parties have not engaged in discovery and do not anticipate that discovery will be necessary in this case. District courts typically resolve actions to enforce FOIA on summary judgment. *See, e.g., Nat'l Wildlife Fed'n v. U.S. Forest Service*, 861 F.2d 1114 (9th Cir. 1988). Accordingly, the Parties submit that should they not be able to resolve this matter informally, it should be resolved on summary judgment, prior to conducting any discovery. In the rare FOIA cases in which discovery does occur, it generally takes place after the government moves for summary judgment and submits supporting affidavits and a memorandum of law. *See, e.g., Lane*, 523 F.3d at 1134-35 (holding that district court's "delay of discovery" with respect to plaintiffs' FOIA claim until after summary judgment "was certainly within its discretion).

**9. CLASS ACTION**

This lawsuit is not a class action.

**10. RELATED CASES**

The Parties are unaware of any related cases or proceedings pending before another court.

**11.     RELIEF**

Plaintiff: Plaintiff seeks declaratory relief holding that the assertion of copyright by NARA and the Museum in response to Plaintiff's requests is not a lawful exemption or response under FOIA and that NARA violated FOIA by failing to disclose the requested records and by failing to respond to Plaintiff's appeal within the statutory timeframe. Plaintiff also seeks injunctive relief requiring NARA to promptly release the requested records, and will seek judgment in its favor, reasonable attorneys' fees, and costs.

Defendant: Defendant intends to seek summary judgment as to the claim in Plaintiff's complaint.

Respondent:  This Court does not have personal jurisdiction over the Museum.  The Museum has filed a motion to dismiss requesting entry of an order dismissing the Museum from this case.  No claim is asserted by Plaintiff against the Museum.  The Museum would note that it has only been named in this case as a "Respondent."  The single cause of action asserted in the Complaint is for violation of FOIA by NARA.  The Museum is not a government entity and has no obligation under FOIA and, therefore, cannot be in violation of any obligation under the statute.  Defendant is not authorized by the Museum to release copies of the Museum's copyrighted materials.  Plaintiff has not sought the Museum's consent to obtain copies of the Museum 's copyrighted materials.

**12.     SETTLEMENT AND ADR**

Plaintiff does not currently anticipate that alternative dispute resolution would be fruitful in this matter, but is open to revisiting that position in the future. For now, the Parties request that the action be exempted from the settlement requirements of the local rule, without prejudice to the Parties contacting the Court's ADR Program should circumstances change.

In the event the Parties are required to select one of the ADR Procedures specified in the Court's Notice regarding the Court-Directed ADR Program, the Parties request to be assigned to a neutral mediator from the Court's mediation panel.

Regardless, the Parties will work diligently to narrow the issues to conserve the resources of the Parties and the Court.

**13.     CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Not all Parties have consented to have a magistrate judge. Dkt. 17.

**14.     OTHER REFERENCES**

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     NARROWING OF ISSUES**

The Parties will meet and confer to narrow issues in this dispute.

**16.     EXPEDITED TRIAL PROCEDURE**

The Parties do not believe this case is appropriate for an expedited trial.

**17.     SCHEDULING**

The Parties propose the following briefing schedule:

MOTION FOR SUMMARY JUDGMENT BY DEFENDANT / RESPONDENT: Four weeks after the Order

CROSS-MOTION FOR SUMMARY JUDGMENT BY PLAINTIFFS AND OPPOSITION TO MOTION FOR SUMMARY JUDGMENT BY DEFENDANT / RESPONDENT:  Eight weeks after the Order.

OPPOSITION TO CROSS-MOTION AND REPLIES IN SUPPORT OF MOTION OF DEFENDANT / RESPONDENT FOR SUMMARY JUDGMENT: Twelve weeks after the Order

REPLY IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT: Fourteen weeks after the Order

HEARING: The Parties will confer upon, and propose, an appropriate hearing date in conjunction with the filing of the motion for summary judgment of Defendant / Respondent.

**18.     TRIAL**

The Parties anticipate this case will be resolved on summary judgment.

**19.     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff: Plaintiff has certified that there are no non-party interests to disclose pursuant to Civil Local Rule 3-15. Dkt. 28.

Defendant is exempt from the requirement to file a Certification of Interested Entities or Persons under Civil Local Rule 3-15.

Respondent: The Museum filed a Certificate of Interested Entities on March 15, 2024 (Dkt. No. 12) confirming there is no conflict of interest other than the named Parties to report.

**20.      PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: May 24, 2024

*/s/Mark L. Javitch*
Mark L. Javitch (SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Tel: (650) 781-8000
Fax: (650) 648-0705
mark@javitchlawoffice.com

*Counsel for Plaintiff*

*/s/Daniel A. Solitro*
Daniel A. Solitro (SBN 243908)
Madeleina Halley (SBN 341540)
LOCKE LORD LLP
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone: (213) 485-1500
Facsimile: (213) 485-1200
E-Mail: dsolitro@lockelord.com
madeleina.halley@lockelord.com

*Counsel for Respondent*

Respectfully Submitted,

BRIAN M. BOYTON
   Principal Deputy Assistant Attorney General

MARCIA BERMAN
    Assistant Branch Director

*/s/Michael J. Gerardi*
MICHAEL J. GERARDI
   Senior Trial Counsel
   Civil Division, Federal Programs Branch
   U.S. Department of Justice
   1100 L St., N.W.
   Washington, D.C.  20005
   Telephone: (202) 514-3346
   Fax: (202) 616-8470
   E-mail: michael.j.gerardi@usdoj.gov

*Counsel for Defendant*

**Local Rule 5-1(i)(3) Attestation**

In accordance with LR 5-1(i)(3), I hereby attest that I have received permission from each signatory shown in this document to use their e-signature for the purposes of filing this document.

Dated: May 24, 2024                                    By: /s/ *Michael J. Gerardi*