UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOIACONSCIOUSNESS.COM LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>NATIONAL ARCHIVES & RECORDS ADMINISTRATION, et al.,<br><br>  Defendants. | Case No. 24-cv-00997-JD<br><br>**ORDER RE SUMMARY JUDGMENT** |

Plaintiff FoiaConsciousness.com LLC (FC) alleges that the National Archives & Records Administration (NARA) withheld two versions of the Zapruder film, the famed motion picture sequence of the assassination of President John F. Kennedy in Dallas, Texas, in response to a request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. *See generally* Dkt. No. 1. Both sides filed motions for summary judgment on the FOIA claim. Dkt. Nos. 43, 44.

When there are no genuine disputes of material fact, which is the situation here, "FOIA cases are appropriately 'resolved by the district court on summary judgment.'" *Asian Am. Advancing Just. -- Asian Law Caucus v. U.S. Dep't of Homeland Sec.*, No. 21-cv-02844-JD, 2022 WL 3579886, at *1 (N.D. Cal. Aug. 19, 2022); *see also* Fed. R. Civ. P. 56. The parties' familiarity with the record is assumed, and summary judgment is granted against FC.

FOIA directs that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person . . . in any form or format requested by the person if the record is readily reproducible by the agency in that form or format." 5 U.S.C. §§ 552(a)(3)(A)-(B). Federal district courts have "jurisdiction to enjoin the agency from withholding agency records and to order the production of

1  any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B). The Court
2  reviews a FOIA dispute "de novo," and "shall accord substantial weight to an affidavit of an
3  agency concerning the agency's determination as to . . . reproducibility." *Id.*

4  The undisputed evidence establishes that "[r]esearchers requesting access to motion picture
5  items from NARA holdings" may visit its facility in College Park, Maryland, to view "a variety of
6  analog or digital cop[ies]" of the Zapruder film and "make additional copies on a self-serve basis
7  for the researcher's own use" for DVD and VHS. Dkt. No. 43-1 (Rooney Decl.) ¶ 16. The
8  researcher need not personally visit the College Park Facility. NARA provides a list of
9  individuals who may be hired "to conduct research, including making these sorts of self-serve
10 copies." *Id.* NARA also "offers a reproduction service through selected vendors." *Id.* ¶ 17. For
11 the vendor reproductions, NARA "typically conducts reviews for any extant information about
12 rights holders which may exist, and reserves the right to require permission from rights holders to
13 approve vendor order requests where the rights holder is known" or may be readily determined.
14 *Id.* ¶ 18.

15 The undisputed evidence also establishes that FC was properly advised of these
16 procedures. In response to plaintiff's request for video cassette copies of specified versions of the
17 Zapruder film, NARA stated that DVD reference copies were available for viewing in its research
18 room, that copies could be obtained through NARA's "vendor order process" with permission
19 from the rightsholder, and that "self-serve" copies could be made in the research room. Dkt. No.
20 43-6 at ECF 3-4. Although NARA did not tell FC about the self-serve copies in its first email
21 response, just one week later a NARA employee caught the oversight, fully advised plaintiff, and
22 "apologize[d] for the confusion." *Id.*

23 Overall, FC does not take issue with any of these facts. It says that NARA "should have
24 provided a quote and order form for Plaintiff to fill out and order a copy," Dkt. No. 48 at 2, but
25 NARA has no legal obligation to act as FC's personal assistant with respect to FOIA requests.
26 *See, e.g.*, *Morley v. CIA*, 894 F.3d 389, 394 (D.C. Cir. 2018) ("[A]n agency need not respond to a
27 FOIA request for copies of documents where the agency itself has provided an alternative form of
28 access." (citation omitted)); *Tax Analysts v. U.S. Dep't of Just.*, 845 F.2d 1060, 1067 (D.C. Cir.

1988) ("The Department is not *required* by statute to mail copies of all such decisions to Tax Analysis nor even to provide the requester-convenient location for access." (emphasis in original)); *Mandel Grunfeld and Herrick v. U.S. Customs Serv.*, 709 F.2d 41, 42-43 (11th Cir. 1983). The record establishes that NARA generally followed proper FOIA procedures.

The crux of FC's complaint concerns an alleged issue of copyright. *See* Dkt. No. 44 at 14-23. As NARA points out, the Zapruder family obtained a copyright for the film, which was subsequently donated to the Sixth Floor Museum (the Museum) in Dallas, Texas, an entity dedicated to memorializing the assassination events.[1] *See* Rooney Decl. ¶¶ 9, 13-15; Dkt. No. 43-5 (Arbitration Ruling) at ECF 2, 3, 15-16; Dkt. No. 46-2 (copyright registrations). The versions of the film that FC requested are subject to the copyright. Rooney Decl. ¶¶ 22-24.

The federal government has expressly waived its sovereign immunity for claims of copyright infringement. 28 U.S.C. § 1498(b). Libraries and archives are exempted from liability "for the unsupervised use of reproducing equipment located on its premises" so long as "such equipment displays a notice that the making of a copy may be subject to the copyright law." 17 U.S.C. § 108(f)(1). It is undisputed that NARA is a "library or archives" within the meaning of Section 108. Its regulations provide that "You are responsible for obtaining any necessary permission for use, copying, and publication from copyright holders." 36 C.F.R. § 1254.62. Unrebutted evidence shows that a failure by NARA to respect third-party's copyrights would undermine its operations and "make it more difficult for NARA to work with potential donors . . . [and] administer Federal records holdings that contain copyrighted materials." Rooney Decl. ¶ 18.

Consequently, NARA did not violate FOIA by requiring proof of permission from a copyright holder before facilitating the copying of copyrighted material because such copies, of which NARA facilitates the reproduction, are not "readily reproducible" in the absence of

---

[1] FC originally named the Museum as a defendant. Dkt. No. 1 ¶ 24. After the Court expressed concern about personal jurisdiction over the Museum, which had neither claim-specific conduct nor a presence within California, FC voluntarily dismissed the Museum from the case. Dkt. Nos. 39, 40.

1  permission. 5 U.S.C. § 552(a)(3)(B); *see also* Rooney Decl. ¶¶ 18, 35. The parties agree that the
2  Zapruder films in question are "agency records" covered by FOIA, *see Weisberg v. U.S. Dep't of*
3  *Just.*, 631 F.2d 824, 827-28 (D.C. Cir. 1980); Dkt. Nos. 46 at 1 n.1; 48 at 6, but FC did not
4  identify anything in FOIA or the caselaw to indicate that Congress intended a records designation
5  to trump copyrights held by third parties. FC also did not say why FOIA would require agencies
6  to produce copies in a manner that would open them up to liability under the copyright laws.

7  Pursuant to procedures established well before FC made its requests, NARA advised FC
8  that it could make a self-serve copy at its own risk but that it would need proof of permission from
9  the Museum before completing a vendor copy order. Rooney Decl. ¶ 18; Dkt. No. 43-6 at ECF 3-
10 4. These procedures accord with the regulatory guidance that has been in place for over two
11 decades. *See* 36 C.F.R. § 1254.62. There is no evidence that FC asked the Museum for
12 permission to copy at any point or that doing so would be futile. *See generally* Dkt. Nos. 44, 48.

13 FC devotes substantial effort to the theory that NARA is seeking "to suppress evidence in
14 the Zapruder Film that contradicted the Warren Commission," the blue-ribbon commission
15 chaired by Chief Justice Earl Warren and created by President Lyndon B. Johnson to investigate
16 the assassination. Dkt. No. 44 at 1; *see also id.* at 2-3, 20-21. The Warren Commission famously
17 concluded that the assassin, Lee Harvey Oswald, acted alone. The Zapruder film was a key piece
18 of evidence for this conclusion. As other commentators have suggested since the commission's
19 report was published in 1964, FC believes that "a plain viewing of the Zapruder Film does not
20 necessarily support the single bullet theory, and the film is open to more than one interpretation,
21 including the interpretation that there were shots from two opposite directions, instead of only
22 from behind." *Id.* at 2. In FC's view, NARA is using a "sham" copyright assertion to suppress the
23 truth. *Id.* at 2-3.

24 The record detailed above demonstrates otherwise. To the extent FC means to challenge
25 the validity of the Museum's copyright, the Court declines to adjudicate a third party's rights after
26 they were voluntarily dismissed from the case, *see* Fed. R. Civ. P. 19, and the decision in *Time*
27 *Inc. v. Bernard Geis Assocs.*, 293 F. Supp. 130 (S.D.N.Y. 1968), has no bearing here. Insofar as
28 FC means to suggest that NARA can only comply with FOIA by facilitating the creation and

4

delivery of vendor copies without requiring proof of permission from the rightsholder when an individual so requests, that is incorrect for the reasons discussed. The fact that NARA may have behaved differently on prior occasions with respect to different films or photographs does not establish a violation of the statute with respect to FC's request here.

The Court need not take up the remaining arguments concerning the applicability of Exemption 4 or unsubstantiated and irrelevant allegations of cover-ups and government malfeasance. For these reasons, too, the Court assumes without deciding that the failure to join the asserted copyright holder does not require the action be dismissed pursuant to Fed. R. Civ. P. 19(b). *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005) (stating Rule 19 is non-jurisdictional).

NARA's request for summary judgment, Dkt. No. 43, is granted. FC's cross-motion for summary judgment, Dkt. No. 44, is denied. Judgement will be entered separately against FC.

**IT IS SO ORDERED.**

Dated: June 30, 2025

JAMES DONATO
United States District Judge